IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHARON WEBER,

                Plaintiff,

vs.                              Case No. 16-4186-SAC-KGS

BOARD OF COUNTY COMMISSIONERS
OF OSAGE COUNTY, KANSAS,

                Defendant.

## MEMORANDUM AND ORDER

    This is an action with claims under 42 U.S.C. § 1983 which has been removed from state district court to this court. This order shall grant defendant's motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6). See Doc. No. 7.

I. STANDARDS

    Defendant's motion requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts plaintiff's well-pled factual allegations as true and views them in the light most favorable to plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009), cert. denied, 558 U.S. 1148 (2010). The court, however, is not

1

required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

II. ALLEGATIONS IN THE COMPLAINT/PETITION

Plaintiff alleges that she replaced the elected County Treasurer for Osage County, Kansas who retired before the expiration of her term of office. Plaintiff began serving as Osage County Treasurer on August 1, 2015. Plaintiff alleges that the Chairman of the Osage County Commission stated in an open session meeting on November 16, 2015 that plaintiff was incompetent and questioned her abilities to perform the duties

of the job.  He asked plaintiff to resign.  Thereafter, he solicited a vote of "no confidence" in plaintiff, which passed with two voting in favor and one abstaining.  The Chairman of the Commission later moved in open session to reduce plaintiff's salary to the lowest salary paid to a starting clerk in the courthouse.  This motion passed reducing plaintiff's salary below individuals she was supervising.  Plaintiff alleges that no justification was given for the reduction in salary and no comparison was made of the responsibilities, obligations and job duties of plaintiff versus the responsibilities of clerks working at the lower salary level.

Plaintiff's legal claims assert that defendant Osage County Board of Commissioners has deprived plaintiff of a liberty interest without the due process of law to which plaintiff is entitled under the Constitution.  Plaintiff also claims that her substantive due process rights have been denied by defendant.

III. PLAINTIFF HAS NOT STATED A PLAUSIBLE § 1983 CLAIM.

A plaintiff bringing a § 1983 claim must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Bruner v. Baker, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(internal quotation marks omitted).  Here, plaintiff's claims are not plausibly supported by the facts in the complaint.

3

A. <u>Plaintiff has not alleged a viable liberty interest claim</u>.

Plaintiff claims that the defendant Board violated plaintiff's liberty interest in her good name, reputation, honor and integrity by openly proclaiming that plaintiff was incompetent and by reducing her salary in an arbitrary and capricious manner. Plaintiff, however, has not alleged facts which would plausibly demonstrate a violation of the Constitution.

The Tenth Circuit has held that the government infringes upon a constitutionally protected liberty interest when: 1) it makes a statement impugning the good name, reputation, honor, or integrity of an employee; 2) the statement is false; 3) the statement is made during the course of termination <u>and</u> forecloses other employment opportunities; and 4) the statement is disclosed publicly. <u>McDonald v. Wise</u>, 769 F.3d 1202, 1212 (10th Cir. 2014)(interior quotations omitted). Here, plaintiff has not alleged facts plausibly showing the first element or the third element.

The Tenth Circuit has held that "a showing of stigmatization is essential to stating [a] liberty interest claim." <u>Southeast Kansas Community Action Program Inc. v. Secretary of Agriculture</u>, 967 F.2d 1452, 1458 (10th Cir. 1992)(referred to hereinafter as "<u>SEK-CAP</u>"). Reasons for a job

action which merely make an employee less attractive to a future employer do not injure a liberty interest. Weathers v. West Yuma County School District, 530 F.2d 1335, 1339 (10th Cir. 1976). Whether alleged stigmatizing statements caused a constitutional injury is considered a question of law. SEK-CAP, supra. In several cases, the Tenth Circuit has determined that claims of incompetence or neglect did not allege a constitutional injury. See Fox-Rivera v. Colo. Dept. of Public Health & Environment, 610 Fed.Appx. 745, 746-47 (10th Cir. 2015)(statements alleging negligence and failures to follow protocol); SEK-CAP, supra (report alleging misspending of federal funds and incompetence); Conaway v. Smith, 853 F.2d 789, 794-95 (10th Cir. 1988)(charges of insubordination and neglect of duties); Weatherford v. Dole, 763 F.2d 392, 393-94 (10th Cir. 1985)(job reassignment casting shadow of incompetence and causing embarrassment).

Following this line of case law, the court finds that plaintiff has failed to allege facts showing stigmatization which infringes upon a constitutionally protected liberty interest. Plaintiff refers to Crowley v. City of Burlingame, 352 F.Supp.2d 1176, 1187 (D.Kan. 2005) aff'd 165 Fed.Appx. 579 (10th Cir. 2006). There, the district court suggested that when statements go to the "fundamental capacity" of an employee to perform his job, the charges may be stigmatizing. We note that

the district court in Crowley refers to Burk v. Unified Sch. Dist. No. 329, 646 F.Supp. 1557, 1565 (D.Kan.1986) which cites a dissenting opinion in Garcia v. Board of Education of Socorro Consolidated School District, 777 F.2d 1403, 1419 (10th Cir. 1985) (McKay, J., dissenting), cert. denied, 479 U.S. 814 (1986), to support this "fundamental capacity" test.  We have not found another Tenth Circuit case which uses the term "fundamental capacity" in performing a liberty interest analysis and we decline to do so here.

The second reason to dismiss plaintiff's liberty interest claim is that plaintiff does not allege that she was stigmatized in connection with the termination of her employment.  The Tenth Circuit has held that, in order to show a liberty interest violation caused by a defamatory statement, a plaintiff must show that the defamatory statement occurred in the course of employment termination.  Coleman v. Utah State Charter School Board, 2016 WL 7321198 *5 (10th Cir. 2016); Nixon v. City and County of Denver, 784 F.3d 1364, 1368 (10th Cir. 2015); McDonald, 769 F.3d at 1212; Bjorklund v. Miller, 467 Fed.Appx. 758, 767 (10th Cir. 2012).  Plaintiff does not allege that happened here.

   B. Plaintiff has failed to allege a plausible substantive due process violation.

At the outset, the court notes that the Supreme Court has observed that it has "always been reluctant to expand the

6

concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and openended." Washington v. Glucksberg, 521 U.S. 702, 720 (1997)(interior quotation omitted). The "utmost care" is exercised whenever the Court is "asked to break new ground in this field" because extending constitutional protection to an asserted right of a liberty interest places the matter "outside the arena of public debate and legislative action" and threatens to transform the liberty protected by the Due Process Clause "into the policy preferences" of the Supreme Court. Id. (interior quotations omitted).

Plaintiff alleges that she has a "protected interest in a reasonable salary [commensurate] with her position as the County Treasurer." First Amended Petition, Doc. No. 1-1, p. 6. Plaintiff alleges that this "protected interest" was infringed in violation of plaintiff's right to substantive due process.

The legal standard governing substantive due process claims was discussed in Seegmiller v. LaVerkin City, 528 F.3d 762, 766-69 (10th Cir. 2008). There, the court noted that the Due Process Clause guarantees more than fair procedure; it also protects against arbitrary and oppressive government action even when taken in accordance with fair procedures and even in pursuit of a legitimate government objective. Id. at 766-67. There are two strands of substantive due process doctrine – one which

7

protects an individual's fundamental liberty interests and one which protects against the exercise of governmental power that shocks the conscience.  Id. at 767.  Plaintiff has not alleged facts which describe a plausible constitutional claim under either strand.

### 1. Fundamental liberty interest

"A fundamental right or liberty interest [for substantive due process purposes] is one that is 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'"  Id. (quoting Chavez v. Martinez, 538 U.S. 760, 775 (2003)).  Here, plaintiff has cited no authority and the court believes there is no authority holding that a county officer has a fundamental constitutional right to a reasonable salary commensurate with his or her responsibilities.  Wage standards derive from state and federal statutes such as the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., not the Constitution.  In general, fundamental liberty interests have been recognized "to marry, to have children, to direct the education and raising of one's own children, to marital privacy, to use contraception and obtain abortion, and to bodily integrity."  Seegmiller, 528 F.3d at 770-71.  Wage standards are not found in that list.  Nor does the court believe that such a right to a reasonable salary is deeply rooted in the Nation's history such that neither liberty nor justice would

exist if such a right were sacrificed. See <u>Brown v. Brienen</u>, 722 F.2d 360, 364-65 (7th Cir. 1983)(disputes over overtime do not implicate the great objects of the Fourteenth Amendment). The Tenth Circuit has stated that it has not decided whether a public employee with a property interest in continued employment is protected by substantive due process. <u>Potts v. Davis County</u>, 551 F.3d 1188, 1193 n.1 (10th Cir. 2009). But, there is a strong history of at-will employment in Kansas even for public employees. See <u>Wiggins v. Housing Authority of Kansas City</u>, 916 P.2d 718, 721-23 (Kan.App. 1996); <u>Riddle v. City of Ottawa</u>, 754 P.2d 465, 468-70 (Kan.App. 1988)(holding that employee suspended without pay did not raise a due process claim). This history suggests that a right to a public job or a certain level of pay at that job is not deeply rooted in the Nation's history.[1]

In addition, the court believes that even the less rigorous standard for determining a property interest for <u>procedural</u> due process is not met by the facts alleged by plaintiff. The Supreme Court has described "property interests" as entitlements created and defined by "existing rules or understandings that stem from an independent source such as state law." <u>Town v. Castle Rock v. Gonzales</u>, 545 U.S. 748, 756 (2005)(interior quotation omitted). "State law sources for property interests

---

[1] The court is not implying that plaintiff could have been terminated without cause from her position as County Treasurer, only that she did not have a fundamental liberty interest in the position.

can include statutes, municipal charters or ordinances, and express or implied contracts." Kingsford v. Salt Lake City Sch. Dist., 247 F.3d 1123, 1128 (10th Cir. 2001). A unilateral expectation is not sufficient to create a property interest. Id.

Plaintiff does not cite a state statute, county ordinance or an express or implied contract which supports an understanding that plaintiff's salary could not be reduced to that of a beginning clerk. Instead, plaintiff cites case law. Plaintiff contends that a property interest may be inferred from the Kansas Supreme Court's decision in Weber v. Board of County Commissioners of Marshall County, 221 P.3d 1094 (Kan. 2009). The court disagrees.

The Weber decision does not discuss a procedural or a substantive due process argument. In Weber, the court determined that in 2007 a Board of County Commissioners violated a state statute when it improperly paid a County Treasurer with state funds for county responsibilities performed by the County Treasurer. The state law required that the state funds compensate the County Treasurer for work performed for the State. One of the issues discussed in Weber was how the district court should determine on remand what amount of county funds should be paid to the Treasurer for 2007, in order to know whether state funds were being used to pay for work the

10

treasurer had done for the County instead of the State. The court decided that one way to determine this was to conduct a study to decide how much time the treasurer spent performing county responsibilities. The court did not order that such a study be performed as a constitutional requirement.[2]

### 2. Shock the conscience

To show that an action is conscience shocking, plaintiff must prove that "a government actor abused his or her authority or employed it as an instrument of oppression in a manner that shocks the conscience." Koessel v. Sublette County Sheriff's Dept., 717 F.3d 736, 750 (10th Cir. 2013)(interior quotations omitted). "Substantive due process prohibits only the most egregious official conduct. Even most intentionally inflicted injuries caused by misuse of government authority will not meet this standard." Id. (interior quotations and citations omitted). Among the factors which may be considered are: 1) the harm resulting from the alleged misconduct; 2) the official's authority over the victim; 3) whether the authority was abused; 4) whether the official acted negligently, intentionally or recklessly; and 5) whether the injury suffered

---

[2] The Kansas Supreme Court has held that a county officer, such as a county treasurer, has no vested interest "in the salary as will prevent the legislature from diminishing it during his term of office." Miller v. Board of Commissioners of Ottawa County, 71 P.2d 875, 878 (Kan. 1937); see also, Harvey v. Board of County Commissioners of Rush County, 4 P. 153 (Kan. 1884). The court has no reason to find that plaintiff has a greater interest under the Constitution in her salary vis-à-vis the defendant Board of County Commissioners.

was so egregious or outrageous that it shocks the conscience. Id. In Koessel, the plaintiff alleged he was fired from his job in violation of the Americans with Disabilities Act, even though he had not previously been the subject of a complaint or discipline. The Tenth Circuit held that even if this were true, it did not demonstrate an abuse of government authority sufficient to shock the judicial conscience.

Here, plaintiff kept her job but suffered a significant wage cut apparently because members of the defendant Board lost confidence in her job performance. As in Koessel, the court does not believe plaintiff has alleged sufficient facts to plausibly demonstrate that defendant's action was shocking to the conscience. See also Affrunti v. Zwirn, 1996 WL 53625 *1 (2nd Cir. 1996)(salary cuts and health benefits withdrawals to zoning board members did not shock conscience); Lee v. Kansas State University, 2013 WL 2476702 *8-9 (D.Kan. 6/7/2013)(alleged arbitrary dismissal from graduate school did not shock the conscience); Richard v. Perkins, 373 F.Supp.2d 1211, 1220 (D.Kan. 2005)(removal of plaintiff from university track team did not shock the conscience even if decision was made to favor coach's son).

IV. CONCLUSION

The court is not rendering an opinion as to whether plaintiff was treated fairly or unfairly. The issue before the

12

court is whether the facts alleged in plaintiff's complaint, taken as true, state a plausible claim that plaintiff was denied a liberty interest without procedural due process or was denied her substantive due process rights.  For the reasons given in this order, the court finds that plaintiff has failed to state those constitutional claims.  Therefore, the motion to dismiss (Doc. No. 7) shall be granted.

**IT IS SO ORDERED.**

Dated this 6th day of March, 2017, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge